UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Mirapex Products Liability Litigation, | 07-MD-1836 MJD/FLN |
| This Document Relates To: | |
| Sarah L. Frederich, | Civil 10-3218 MJD/FLN |
| Marie Smeznik and Joseph Kelly | Civil 10-4834 MJD/FLN |
| Mary Magalhaes and Joseph Magalhaes | Civil 11-412   MJD/FLN |
| Bonnie Larsen and Stephen A. Larsen | Civil 11-901   MJD/FLN |
| Michelle D. Aho | Civil 11-1060 MJD/FLN |
| Maria E. Hoover and Todd D. Hoover | Civil 11-1061 MJD/FLN |
| Linda K. Sabaj an Sal Sabaj | Civil 11-1209 MJD/FLN |
| Jonas W. Swenson, et al. | Civil 11-1210 MJD/FLN |
| David R. Johnstone and Gloria Gail Johnstone | Civil 11-1591 MJD/FLN |
| Ashraf Manji | Civil 11-1767 MJD/FLN |
| Rebecca Vincent and Fonda Nay Vincent | Civil 11-1768 MJD/FLN |
| John D. Ferrell and Donna D. Ferrell | Civil 11-1850 MJD/FLN |
| Betty Williams and Richard Williams | Civil 11-2017 MJD/FLN |
| Diane L. Rendon and Robert R. Rendon | Civil 11-2094 MJD/FLN |
| Plaintiffs, | |
| v. | NOTICE OF SETTLEMENT CONFERENCES |
| Boehringer Ingelheim Pharamaceuticals, Inc.; Pfizer, Inc.; Pharmacia Corporation; and Pharmacia & Upjohn Company LLC, | |
| Defendants. | |

The above-referenced cases are assigned to Chief Judge Davis for trial.  Settlement conferences have been scheduled for November 1 and November 2, 2011, before the undersigned in Chambers 9W, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.  The Court will hold a telephonic status conference in the above referenced cases on October 25, 2011, at 2:00 p.m. (central time).  At the telephonic status conference counsel should

1

be prepared to report which, if any, of the cases have already settled; which, if any, are not likely to settle; and which will be the focus of the November settlement conferences.  If five or more cases will remain unsettled at the time of the settlement conferences, counsel should also be prepared, at the time of the October teleconference, to submit a proposal regarding how the Court and the parties can most productively use the time set aside on November 1 and 2 to attempt to reach agreement in as many cases as possible.

Counsel who <u>will actually try the case</u> and <u>each party</u>, <u>armed with full settlement authority</u>, shall be present.  If individuals are parties to this case, they shall be present.  If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present.  This means that each party must attend through a person who has the <u>power</u> to settle the case upon the opposing party's last stated settlement terms.  If the party representative has a lesser limit, or "cap" on his or her authority, this requirement is not satisfied.  If an insurance company is required to defend or indemnify any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference.

In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another at least ten (10) days prior to the date of the settlement conference, to engage in a full and frank discussion of settlement.  If the case does not settle, each attorney shall submit, at least one week before the date of the settlement conference, a letter setting forth the parties' respective settlement positions before the meeting, their respective positions following the meeting and a reasoned, itemized analysis justifying their client's last stated settlement position.  The letter shall be submitted <u>in</u> <u>camera</u> directly to the magistrate judge and need not be served on adverse parties.  The content of the letter is privileged under

Fed.R.Evid. 408 and will be used by the magistrate judge only to evaluate the likelihood of settlement and to facilitate the settlement discussion.  Failure of any lawyer to submit this letter will result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed.  Additional sanctions may be imposed for failure to comply with any of the other foregoing instructions.

DATED: August 11, 2011.                              *s/ Franklin L. Noel*
                                                                            United States Magistrate Judge