| | |
|---|---|
| IN RE: MIRAPEX PRODUCTS LIABILITY LITIGATION | MDL File No. 07-1836 (MJD/FLN) |
| This document relates to: | |
| MARY MAGALHAES and JOSEPH MAGALHAES, | Civil File No. 11-412 (MJD/FLN) |
| MARIA E. HOOVER and TODD D. HOOVER, | Civil File No. 11-1061 (MJD/FLN) |
| PATRICK K. KLEE, | Civil File No. 11-1210 (MJD/FLN) |
| ASHRAF MANJI, | Civil File No. 11-1767 (MJD/FLN) |
| DIANNA LYNNE RENDON and ROBERT R. RENDON, | Civil File No. 11-2094 (MJD/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OF LAW & ORDER** |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., et al., | |
| Defendants. | |

H. Lee Thompson, The Thompson Law Firm, Counsel for Plaintiffs.

Tracy J. Van Steenburgh, Scott A. Smith, and Dana M. Lenahan, Nilan Johnson Lewis P.A., and Bruce R. Parker and Jason C. Rose, Venable LLP, Counsel for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.

Joseph M. Price, Faegre Baker Daniels LLP, and Michael K. Brown and Steven J. Boranian, Reed Smith LLP, Counsel for Defendants Pfizer, Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company LLC.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated August 2, 2012. All Plaintiffs filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court adopts in part the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated August 2, 2012, and remands this matter for a supplemented Report and Recommendation.

### A. Formation of a Valid Contract

The Court adopts Section I and Section II(A) of the Report and Recommendation. The objective evidence unambiguously demonstrates that a written contract was formed. There is no need for an evidentiary hearing on this point.

### B. Plaintiffs' Counsel's Authority

The Court remands this matter to the Magistrate Judge for further proceedings on the issue of whether Plaintiffs' attorney, H. Lee Thompson, had authority – actual or apparent – to enter the settlement agreements or whether equitable estoppel applies to enforce the agreements. The Magistrate Judge may exercise his discretion to determine the appropriate manner to address this issue, whether through additional briefing, an evidentiary hearing, or another method.

The Court agrees that, based on Thompson's actions and representations, Defendants reasonably inferred that he was fully authorized to make binding settlement offers in the amounts listed in his email. However, given Plaintiffs' averments that Thompson had no such authority, Minnesota law requires more to enforce the settlement agreements under a theory of apparent authority. Specifically, apparent authority must be based on action or non-action by the client, not just the attorney. See, e.g., Barry v. Barry, 172 F.3d 1011, 1015 (8th Cir. 1999) ("[W]here **a client has created the appearance** that his attorney has authority to settle a case and the attorney exceeds his authority in some way, if the adversary relies on the settlement to its detriment, the client may be estopped to deny his attorney's authority.") (emphasis added) (citing Austin Farm Ctr., Inc. v. Austin Grain Co., 418 N.W.2d 181, 186 (Minn. Ct. App. 1988); Bergstrom v.

Sears, Roebuck & Co., 532 F. Supp. 923, 933 (D. Minn. 1982); McGee v. Breezy Point Estates, 166 N.W.2d 81, 89 (1969)).

The Report and Recommendation provides that Minnesota Statute § 481.08 expressly authorized Thompson to settle his clients' claims. However, despite the plain language of the statute, "[t]he statute does not allow counsel to settle a client's cause of action without authority from the client." Skalbeck v. Agristor Leasing, 384 N.W.2d 209, 212-13 (Minn. Ct. App. 1986) (citations omitted).

The Minnesota Court of Appeals has also stated that "Minn. Stat. § 481.08 (1986) creates a simple rule of law binding a client to his or her attorney's act once the attorney has made an agreement 'in writing and signed by such attorney,' regardless of any showing of authority." Austin Farm Center, Inc. v. Austin Grain Co., 418 N.W.2d 181, 184 (Minn. Ct. App. 1988). However, case law has clarified, "This is not to say, however, that an attorney compromising a claim in writing need not have authority to settle, but rather only that the attorney need not demonstrate the existence of such authority." Schumann v. Northtown Ins. Agency, Inc., 452 N.W.2d 482, 484 (Minn. Ct. App. 1990) (citing Skalbeck, 384 N.W.2d at 212-13). As the Eighth Circuit has noted, "Under Minnesota law, settlement of a client's claim is not subsumed within the ordinary agency of an

4

attorney for his clients, so an attorney must be specially authorized to settle a claim." Barry, 172 F.3d at 1015 (citing Schumann v. Northtown Ins. Agency, Inc., 452 N.W.2d 482, 484 (Minn. Ct. App. 1990)).

The Report and Recommendation did not address the existence of actual authority. The Court notes that there appears to be evidence of actual authority in this case. For example, Plaintiff Patrick Klee filed a pleading in bankruptcy court in May 2012 representing that he had settled his claims for the sum agreed to in the settlement agreement with Defendants. (See Liederman Decl., ¶ 22; Liederman Decl., Ex. 9.) A client may ratify an attorney's authority to settle after the fact. See, e.g., Rosenberg v. Townsend, Rosenberg & Young, Inc., 376 N.W.2d 434, 437 (Minn. Ct. App. 1985) ("[E]ven an unauthorized settlement of a client's claim by an attorney may be ratified, either impliedly or expressly, by a client, who is thereafter bound by the agreement.") (citation omitted). There may be other evidence regarding actual authority that can be developed on remand.

Additionally, or alternatively, apparent authority may exist based on Plaintiffs' own actions. For instance, Thompson represented Klee, Ashraf Manji, and Mary and Joseph Magalhaes in settlement conferences before the Court on November 1 and 2, 2011 (Liederman Decl. ¶ 6), which could be construed as a

representation by Plaintiffs to Defendants that Thompson had authority to settle their claims. There is no evidence that Plaintiffs took any action to inform Defendants that Thompson no longer had such full settlement authority. See, e.g., Bergstrom, 532 F. Supp. at 933 ("At no time did anyone from [the client] take the simple and effective step of informing the plaintiff that [the attorney's] authority had been terminated."). If Plaintiffs were aware of the Court's November 7, 2011, Order requiring Plaintiffs' counsel to make a written settlement demand based on the clients' consent, or of the communications between their attorney and defense counsel, but did nothing to disabuse Defendants of the reasonable inference that Thompson had authority to present settlement offers on their behalf, this could contribute to a finding of apparent authority. There may be other evidence regarding apparent authority that can be developed on remand.

Thus, because the factual record is currently insufficient for the Court to rule on whether Thompson had authority to settle Plaintiffs' claims or whether estoppel should apply, the Court remands this matter for further proceedings, which may include an evidentiary hearing, and for issuance of a Report and Recommendation solely on the issue of Thompson's authority and estoppel.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** Sections I and II(A) and **REJECTS** Section II(B) of the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated August 2, 2012 [Docket No. 64].

2. This matter is remanded to the Magistrate Judge for further proceedings and for a Report and Recommendation regarding whether H. Lee Thompson had actual or apparent authority or whether estoppel applies.

Dated: January 11, 2013     s/ Michael J. Davis
                            Michael J. Davis
                            Chief Judge
                            United States District Court