UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: MIRAPEX PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>CAROL ADAMS, <u>et al.</u>, (Plaintiff Marc Mancini)<br><br>Plaintiffs,<br><br>v.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <u>et al.</u>,<br><br>Defendants. | MDL File No. 07-1836 (MJD/FLN)<br><br><br>Case No. 10-cv-5009 (MJD/FLN)<br><br>**ORDER AMENDING ORDER DATED APRIL 19, 2013** |

This cause is before the Court upon the Stipulation filed by Plaintiff Marc Mancini and all Defendants [Docket No. 99], by which the parties agree that the Court may amend its prior summary judgment order of April 19, 2013 [Docket No. 89] in favor of Defendants and against Plaintiff Marc Mancini to allow Mancini to immediately appeal that ruling to the Eighth Circuit, as provided by Rule 54(b) of the Federal Rules of Civil Procedure.

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final

> judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

> Before certifying that there is no just reason for delay under Rule 54(b), the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.

Clos v. Corr. Corp. of Am., 597 F.3d 925, 928 (8th Cir. 2010) (citation omitted).

"[T]he district court must undertake a two-step analysis when deciding whether to certify an order under Rule 54(b)." Downing v. Riceland Foods, Inc., 810 F.3d 580, 585 (8th Cir. 2016). First, the Court "must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." Id. (citation omitted). In this case, the Court is clearly dealing with a final judgment: the Court's April 19, 2013 Order disposes of all claims brought by Plaintiff Marc Mancini against Defendants. Mancini's claims are not intertwined with the only remaining claims in the lawsuit, those of Plaintiff Judy Armstrong.

> Second, the district court must determine whether a just reason for delay exists. In making such determination, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.

> It is a long-standing rule of the Eighth Circuit that [c]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.

Id. (citations omitted). The appellate court has

> identified several factors that should be considered in determining whether danger or hardship through delay exists:
>
> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 585–86 (citation omitted).

In this case, the Court concludes that there exists a danger of hardship or injustice through delay which would be alleviated by immediate appeal. Here, the adjudicated claims, brought by Mancini, are not intertwined with the unadjudicated claims, brought by Armstrong. The need for review will not be mooted by any possible future developments in this Court. There is little possibility that the appellate court will be obliged to consider the same issue a second time. Not only are Mancini and Armstrong's cases distinct and not

3

intertwined, but also, according to the parties, Armstrong's claims are highly likely to be settled and dismissed. There is no remaining claim or counterclaim that could result in a setoff. Additionally, at this point, Mancini and Defendants have waited four years for review of the dismissal of Mancini's case and there is no indication of how much longer they may have to wait until the Centers for Medicare and Medicaid Services resolve the liens that are affecting the disposition of Armstrong's case. This inordinate delay is not just as to the parties involved.

Overall, the Court concludes that there is no just reason for delay and directs entry of final judgment as to Mancini's claims.

In accordance with the parties' Stipulation, it is hereby ORDERED:

1. The Court hereby amends its April 19, 2013 Order [Docket No. 89] in this case as follows:

    a. In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court hereby directs the entry of FINAL JUDGMENT in favor of Defendants, and each of them, and against Plaintiff Marc Mancini, only;

    b. No just reason for further delay of Plaintiff's appeal exists.

2. In all other respects, the Court's April 19, 2013 Order is unchanged.

3. The Clerk of the Court is directed to enter **FINAL JUDGMENT** in favor of Defendants, and each of them, and against Plaintiff Marc Mancini, only, in accordance with the foregoing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 20, 2017                BY THE COURT:


s/ Michael J. Davis
Michael J. Davis
United States District Court